IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY PEARL TATE RANSOM,

        Plaintiff,

v.                                          No. CV 15-01085 WJ/LF

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant City of Albuquerque's ("the City") Motion to Dismiss (**Doc. 8**), filed December 4, 2015. Having reviewed the parties' filings and the applicable law, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

On November 15, 2012, Plaintiff Dorothy Pearl Tate Ransom filed her Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau, alleging discrimination under the Americans With Disabilities Act, 42 U.S.C. §§ 1201, *et seq.* (1990). On June 24, 2015, the U.S. Equal Employment Opportunity Commission ("EEOC") issued its Dismissal and Notice of Rights to Plaintiff, notifying Plaintiff of her right to sue under federal law. (**Doc. 1-1**). On June 29, 2015, the Human Rights Bureau issued its Order of Nondetermination to Plaintiff, notifying her of her right to sue under New Mexico State law. (**Doc. 1-1**). On September 21, 2015, Plaintiff filed her pro-se Notice of Appeal in the Second

Judicial District of New Mexico, County of Bernalillo, No. CV-2015-07355. (**Doc. 1-1**).

Plaintiff's Notice of Appeal states, "COMES NOW, the Plaintiff, Your Name, Pro-Se, and hereby notifies the court of her appeal of the attached findings of the EEOC/HRB," and is signed by Plaintiff with her address and phone number written on the Notice of Appeal. Plaintiff attached to her Notice of Appeal the following items: the Human Rights Bureau's Order of Nondetermination, Notice of Dismissal, Notice of Rights, Plaintiff's Charge of Discrimination, and a document entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC." Plaintiff's Charge of Discrimination states the following:

"I was hired as a Motor Coach Operator on August 4, 2007, by the City of Albuquerque–Transit Department (Respondent). On October 3, 2012, Respondent ordered that I undergo a drug test—which resulted in a negative finding, a fitness for duty examination on 10/24/2012—which resulted in a return to work release from the doctor, and an MRI examination on November 13, 2012—which resulted in an inconclusive finding. Additionally, Respondent placed me on leave with pay from October 3, 2012, to October 24, 2012. Respondent has denied me the opportunity to serve in the position to which I was hired and has in essence demoted me to a Servicer (vehicle cleaner) that resulted in a decrease in my waged [sic] due to a lack of overtime opportunities.
I believe I am being discriminat[ed] against because Respondent regards me as being disabled in violation of the American [sic] with Disabilities Act of 1990, as amended."

(**Doc. 1-1**).

Defendant timely removed the case to this Court. Defendant subsequently filed a Motion to Dismiss (**Doc. 8**) on December 4, 2015, and filed a Reply (**Doc. 10**) on January 4, 2015. Plaintiff has not filed a Response or any other pleadings. Defendant's Motion to Dismiss and Reply argued that Plaintiff failed to submit a complaint, and as such, Plaintiff cannot prove a state of facts under which she might be entitled to recover. *Sua sponte*, this Court filed an Order to Show Cause (**Doc. 13**) on January 22, 2016, noting that while Plaintiff failed to properly file a complaint, Plaintiff's Charge of Discrimination did contain some factual allegations. As a district court may dismiss a pro se complaint *sua sponte* without permitting the plaintiff to amend the complaint only if it clear that amendment would be futile, this Court found that providing

Plaintiff with an opportunity to file a complaint that properly complied with the pleading requirements of the Federal Rules of Civil Procedure would not be futile. *See McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). This Court gave Plaintiff sixty (60) days to file a complaint or show cause as to why she was unable to do so, warning Plaintiff that failure to comply with the order would result in dismissal of Plaintiff's case. That sixty (60) day period expired on March 22, 2016, and Plaintiff has failed to file any pleadings.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

### DISCUSSION

Defendant argues that Plaintiff's submission of her Notice of Appeal, the Human Rights Bureau's Order of Nondetermination, Notice of Dismissal, Notice of Rights, Plaintiff's Charge of Discrimination, and a document entitled "Information Related to Filing Suit Under the Laws

Enforced by the EEOC" are insufficient to provide a set of facts under which Plaintiff might be entitled to recover. Additionally, Plaintiff's notice specifically instructs that a "'complaint' that contains a short statement of the facts of your case which shows that you are entitled to relief" should be filed as well. (**Doc. 1-1**). Defendant continues that even if the attachments to Plaintiff's Notice of Appeal were construed to be a complaint, Plaintiff has not provided a provable set of facts under which she is entitled to recovery. Plaintiff has made no allegations that she was precluded from a class of jobs by the City, nor has she made any allegations that the City was mistaken in its belief as to whether she was disabled or the effect of any disability Plaintiff had. Thus, Plaintiff's only claim is that she was reassigned to another position.  As such, Plaintiff's claim is legally insufficient, does not establish a plausibility of entitled to relief, and should be dismissed.

The Court agrees with Defendant that Plaintiff has not properly filed a complaint that contains a short statement of facts to show that she is entitled to relief. While pro se pleadings are liberally construed, a Plaintiff's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cty*, 32 F.3d 452, 455 (10th Cir. 1994). Additionally, Plaintiff's document entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC" specifically states that a litigant must file a complaint containing a short statement of the facts of the case to show entitlement to relief. Finally, this Court's Order to Show Cause explained this requirement to Plaintiff and gave Plaintiff ample time to submit a complaint or show cause as to why she is unable to do so. Plaintiff has failed to file any pleadings in this case. Therefore, the Court finds that Plaintiff has not properly filed a complaint and Defendant's Motion to Dismiss should be granted.  Alternatively, the Court additionally finds that the allegations contained in Plaintiff's

Charge of Discrimination are insufficient to nudge her claim from merely possible to plausible.

Accordingly, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE